IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES** : | |
| : | **CRIMINAL** |
| v. : | **CASE NO. 08-007** |
| : | |
| **ERNEST BEASLEY,** : | |
| **Defendant.** : | |
| : | |

**M E M O R A N D U M**

**Jones, II, J.**                                                                                                                        **August 5, 2011**

Ernest Beasley, currently incarcerated at the Hazelton federal penitentiary in Bruceton Mills, West Virginia, has filed a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct his sentence (Dkt. No. 123). In response, the Government has filed a Motion to Dismiss Mr. Beasley's § 2255 motion (Dkt. No. 126). For the reasons that follow, I will grant the Government's motion, and deny and dismiss Mr. Beasley's motion.

**I.    FACTS AND PROCEDURAL HISTORY**

On December 13, 2007, Mr. Beasley was charged by complaint and warrant with conspiracy to distribute and to possess with intent to distribute five or more grams of cocaine ("crack"), in violation of 21 U.S.C. § 846 (Dkt. No. 1). At that time, Mr. Beasley declined an opportunity to cooperate against his alleged co-conspirators, who had not yet been charged. On January 8, 2008, a grand jury returned an indictment charging those co-conspirators and Mr. Beasley with six drug trafficking counts.[1] The co-defendants then pled guilty. One of

---

[1]Specifically, Mr. Beasley and his co-defendants were charged with (1) conspiracy to distribute or possess with intent to distribute five or more grams, that is, 36.97 grams of crack, in

the co-defendants pled guilty pursuant to a cooperation agreement in which he agreed to testify against any co-conspirator who chose to go to trial.

In anticipation of trial, Mr. Beasley's counsel requested an investigation of keys seized from Mr. Beasley when he was arrested. The Government reported on its investigation by letter dated April 15, 2008 as follows:

> Your client has claimed that the keys the police seized from him are not keys to [the] house that was used to stash the crack cocaine Beasley was selling. The police seized three keys from Beasley. We have tried these keys in the front door of [the] house, 2417 Oakdale Street. Two of the keys work the entry or door-handle lock of the front door. The third key appears to work a deadbolt lock but does not work the deadbolt lock presently installed in [the] door. In short, as stated in the police paperwork and alleged in the indictment, when arrested Beasley had in his possession keys to 2417 Oakdale Street.

(Dkt. No. 126 at 4 (internal citation omitted)). In this letter, the Government renewed its offer of a proffer meeting with Mr. Beasley and his counsel, raising the possibility of Mr. Beasley's cooperation with law enforcement. Mr. Beasley declined this offer and chose to proceed to trial.

On July 9, 2008, following a two-day trial before the Honorable James T. Giles of this District Court, a jury convicted Mr. Beasley of all six counts of the indictment. In anticipation of sentencing, the United States Probation Office prepared a presentence investigation report (PSR), in which it determined Mr. Beasley's advisory Guidelines range to be 262-327 months, calculated as follows. Pursuant to U.S.S.G. § 2D1.1(c)(6) (greater than 35 but less than 50 grams of crack, the base offense level for these drug trafficking violations was 28 (PSR ¶ 18). Given

---

violation of 21 U.S.C. § 846 (Count One); (2) distribution of crack, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) (Counts Two through Five); and (3) possession and aiding and abetting the possession with intent to distribute five or more grams, that is, 36.59 grams of crack, in violation of 21 § U.S.C. 841(a)(1) and (b)(1)(A) and 18 U.S.C. § 2. The charges stemmed from a drug transaction which occurred in the early evening on April 9, 2007, involving two other individuals who were indicted along with Mr. Beasley.

his two prior simple assault convictions and the nature of the instant drug trafficking offenses, Mr. Beasley was classified as a career offender, and his enhanced, total offense level was 34 (PSR ¶¶ 24 and 26). Mr. Beasley was in criminal history category VI, established by 15 criminal history points–three points for each of his convictions (PSR ¶¶ 29-40). *See* U.S.S.G. §4B1.1(b).

Mr. Beasley's counsel objected to his classification as a career offender based on simple assault convictions. Under then-applicable Third Circuit precedent, however, this classification was correct (PSR, Addendum at 16, citing *United States v. Dorsey*, 174 F.3d 331 (3d Cir. 1999).[2] In its sentencing memorandum and at sentencing, the Government endorsed the PSR's Guidelines calculation and argued for a sentencing within the Guidelines range, arguing, in part, as follows:

> From the ages of 18 to 26 years, principally by his crack cocaine trafficking, defendant Ernest Beasley accumulated 15 criminal history points and "attained" the status of Career Offender. This career of crime might have been cut short had Beasley been sentenced appropriately for his first conviction for having participated in an armed assault in which the victim was shot in the arm and chest. Instead, only two years after this heinous crime, Beasley pled guilty to simple assault for repeatedly punching his girlfriend in the face, and he was again sentenced to a short term in prison. From March through May 2007, Beasley committed four crack cocaine trafficking offenses in a drug-infested Philadelphia neighborhood. Beasley committed three of these serious drug felonies while released on bail on crack cocaine trafficking charges. He awaits sentencing by this Court for his conviction by a jury of participating in a crack cocaine trafficking conspiracy during this period. The guideline range of 262 to 327 months imprisonment provides a reasonable sentence given Beasley's incorrigible criminal conduct. The government recommends a sentence of incarceration within the bottom portion of the advisory guideline range.

(Dkt. No. 126 at 6 (internal citation omitted)).

---

[2]*Dorsey* was later called into question by *United States v. Johnson*, 587 F.3d 203, 207 & n.4 (3d Cir. 2009), applying *United States v. Begay*, 553 U.S. 137 (2008) and *United States v. Polk*, 577 F.3d 515, 518 (3d Cir. 2009); its abrogation was recognized by *United States v. Heilman*, 377 Fed. App'x 157, 219 (3d Cir. Apr. 21, 2010) (citing *Johnson*, 587 F.3d at 207 & n.4) and *United States v. King*, 393 Fed. App'x 967, 969 & n.3 (3d Cir. Sept 16, 2010), (citing *Johnson*, *supra*, and *United States v. Lee*, 612 F.3d 170, 195-97 (3d Cir. 2010)).

At the October 2, 2008 sentencing hearing, defense counsel raised its objection to Mr. Beasley's career offender classification again, arguing that the Guidelines range resulted in an unreasonable sentenced when analyzed under 18 U.S.C. § 3553, and requested a downward variance from the Guidelines range.  The Court overruled Mr. Beasley's objection to the PSR's Guidelines calculation, but granted a downward variance, and sentenced Mr. Beasley to 216 months imprisonment, 8 years supervised release, a $2,000 fine, and a $600 special assessment. Mr. Beasley did not file a direct appeal from the judgment of sentence.

On April 29, 2011, the Court docketed Mr. Beasley's § 2255 motion.  In his motion, Mr. Beasley claims that his trial counsel was ineffective: (1) in disregarding Mr. Beasley's instruction to file a direct appeal; (2) in failing to investigate the keys referred to above; (3) in his trial advocacy in ways Mr. Beasley does not specify; (4) in failing to supply Mr. Beasley with transcripts of trial and sentencing; and (5) in failing to object to Mr. Beasley's career offender status and criminal history calculation as found in the PSR and by the Court at sentencing.

## II.   DISCUSSION

As Mr. Beasley did not appeal his conviction and sentence, his conviction became final on October 13, 2008, the tenth day following the October 2, 2008 sentencing.[3]  Section 2255's one-year limitations period expired on October 13, 2009.  *See* 28 U.S.C. § 2255(f)(1). Accordingly, Mr. Beasley's Section 2255 motion, which was filed on April 29, 2011, was filed more than 18 months after the expiration of that period.

28 U.S.C. § 2255(f) provides:

---

[3] At that time, the version of Federal Rule of Appellate Procedure 26 in effect required that Mr. Beasley appeal his conviction and sentence within 10 days of its imposition; the rule was amended in 2011 to allow for 14 days to appeal.  FED. R. APP. P. 4(b)(1)(A).

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of -

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through due diligence.[4]

Subsections (2) and (3) do not apply; no unconstitutional or illegal government action preventing Mr. Beasley from bringing his § 2255 motion has been alleged, nor has Mr. Beasley raised any newly recognized right.  Mr. Beasley's claims are based on the alleged ineffectiveness of his trial counsel; the right to effective representation predates the judgment in this case.  *See, e.g., Strickland v. Washington*, 466 U.S. 668 (1984).  As the Government correctly points out, however, even if Mr. Beasley had argued that the Sentencing Guidelines were incorrectly applied to classify him as a career offender, such a claim would be based on Supreme Court authority that predates Mr. Beasley's challenged judgment, and thus untimely.  (Dkt. No. 126 at 12 n.2 (citing *Begay*).)

---

[4] These subsections of Section 2255 were also provided to Mr. Beasley as a footnote to paragraph 18 of the pre-printed form Motion Under § 2255 to Vacate, Set Aside or Correct Sentence, which Mr. Beasley ultimately completed and filed in this matter (Dkt. No. 123 ¶ 18 (footnote).

5

Furthermore, even if *Begay* were to be applied retroactively on collateral review (an issue not yet decided by the Third Circuit), Mr. Beasley's claim would not present a claim of the deprivation of a constitutional right cognizable under Section 2255.  *See United States v. Cepero*, 224 F.3d 256, 267 (3d Cir. 2000) (en banc) (no appellate jurisdiction over petitioner's appeal because the misapplication of the Guidelines did not present a constitutional issue).  Most circuits have held that "[b]arring extraordinary circumstances," claims of non-constitutional error in the application of the Sentencing Guidelines cannot be raised in a Section 2255 motion. *United States v. Pregent*, 190 F.3d 279, 283-84 (4th Cir. 1999); *see Buggs v. United States*, 153 F.3d 439, 443 (7th Cir. 1990); *Burke v. United States*, 152 F.3d 1329, 1331-32 (11th Cir. 1998); *United States v. Payne*, 99 F.3d 1273, 1281-82 (5th Cir. 1996); *Graziano v. United States*, 83 F.3d 587, 589-90 (2d Cir. 1996) (per curiam); *Grant v. United States*, 72 F.3d 503, 505-06 (6th Cir. 1996); *Auman v. United States*, 67 F.3d 157, 160-61 (8th Cir. 1995); *United States v. Schlesinger*, 49 F.3d 483, 485 (9th Cir. 1994); *Knight v. United States*, 37 F.3d 769, 773 (1st Cir. 1994); *cf. United States v. Talk*, 158 F.3d 1064, 1069 (10th Cir. 1998) (assuming without deciding that claim of nine-level Guideline error that would reduce 108-month sentence by more than 50 months is cognizable).

Subsection (4) of Section 2255(f) is also unavailing, as Mr. Beasley does not allege any newly discovered facts; his ineffectiveness claims are not based on any information that had been unavailable to him prior to October 13, 2009.  In addressing the question of timeliness, Mr. Beasley offers only that his "[c]ounsel failed to file a direct appeal as [Mr. Beasley] requested" (Dkt. No. 123 ¶ 18).  This claim fails to toll the statute of limitations; Mr. Beasley knew long before October 13, 2009 that his attorney did not file a direct appeal.  As such, only Subsection

6

(1) applies, and the one-year statute of limitations runs from October 13, 2008, the date on which Mr. Beasley's judgment became final.[5]

### III.  CONCLUSION

In light of the foregoing, the Court will grant the Government's motion to dismiss Mr. Beasley's § 2255 motion, and deny and dismiss said motion.[6]

---

[5] In any event, the Court does note that Mr. Beasley was ultimately granted a downward variance such that his sentence fell below the recommended Guidelines range.

[6] As Mr. Beasley's motion improperly seeks to invoke the Court's jurisdiction well after the statute of limitations expired, the Court need not provide Mr. Beasley with the notice otherwise required by *United States v. Miller*, 197 F.3d 644 (3d Cir. 1999). *Miller* demands that upon receipt of a *pro se* pleading challenging a conviction, "whether styled as a § 2255 motion or not," the district court should not recast the pleading as a habeas petition unless it first warns the petitioner of the consequences under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), including the bar on successive petitions, and gives the petitioner a chance to oppose that recasting or to withdraw or amend the motion. *Id.* at 646. Where providing such warning would constitute an "exercise in futility," however, the district court need not do so. *United States v. Chew*, 284 F.3d 468, 471 (3d Cir. 2002) (no *Miller* warning required where statute of limitations already barred petitioner from filing a Section 2255 motion at the time of recasting). Here, the statute of limitations would render any *Miller* notice meaningless, as it would any certificate of appealability, which this Court accordingly declines to issue. *See Little v. Smeal*, No. 09-1257, 2009 WL 4101118, at *5 n.10 (E.D. Pa. Nov. 19, 2009) (Jones, J.) (denying and dismissing habeas petition as untimely filed, and declining to issue certificate of appealability because petitioner did not make required substantial showing of denial of constitutional right).